IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW SEVALLOS,

    Plaintiff,                        CV F 05 1177 OWW WMW PC

    vs.                              ORDER DISMISSING FIRST AMENDED
                                     COMPLAINT WITH LEAVE TO
                                     FILE A SECOND AMENDED
                              COMPLAINT

WARDEN, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the first amended complaint, filed in response to an earlier order dismissing the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Rehabilitation Center at Norco, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison.

      In the order dismissing the original complaint, the court noted the following. Plaintiff's claims in this complaint relate to medical care he received while at Pleasant Valley State Prison. Plaintiff was injured in a work related accident in 2002. Plaintiff alleges that he frequently

complained about his pain and that he requested medical assistance, but "often my requests were to no avail." Plaintiff states that he was treated with deliberate indifference, denied medical assistance, and transferred from one prison to another. Plaintiff does allege that "after April 2004" he was diagnosed. Plaintiff does not specify what the diagnosis is.

Plaintiff does not identify any individual defendant, nor does Plaintiff charge any individual defendant with specific conduct. To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether

1  medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must
2  examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must
3  determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id.
4  at 1132.

5       In order to hold a named defendant liable, Plaintiff must specifically allege facts
6  indicating that the defendant knew of and disregarded a serious risk to Plaintiff's health or safety,
7  resulting in injury to Plaintiff.  Here, Plaintiff fails to identify any individual defendants, or
8  charge any individual with conduct that constitutes deliberate indifference.

9       The court found the allegations in plaintiff's original complaint to be vague and
10 conclusory.   The court determined that the complaint did not contain a short and plain statement
11 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
12 policy, a complaint must give fair notice and state the elements of the claim plainly and
13 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
14 was advised that he must allege with at least some degree of particularity overt acts which
15 defendants engaged in that support plaintiff's claim. .

16      In the May 19, 2008, first amended complaint, Plaintiff fails to correct the deficiencies
17 identified in the earlier order.  Plaintiff fails to identify an individual defendant that engaged in
18 conduct that states a claim for relief as described above.  The only individual identified in the
19 first amended complaint is the warden.  Though Plaintiff names the warden, he does not allege
20 facts indicating that the warden knew of an disregarded a serious risk to Plaintiff's health or
21 safety, resulting in injury to Plaintiff.

22      Liability may be imposed on supervisory defendants under § 1983 only if (1) the
23 supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor
24 knew of the violations and failed to act to prevent them.  Hansen v. Black, 885 F.2d 642, 646
25 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege that
26

facts indicating that the warden participated in, or knew of and failed to prevent, the alleged wrongs. Throughout the first amended complaint, Plaintiff refers to staff in general, but fails to charge any identifiable individual with conduct that constitutes deliberate indifference. The first amended complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file a second amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    June 11, 2008**              /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE